FILED
CLERK
8/9/2022 11:45 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MASHAUNDA "SHAWN" ELLIS,

                Plaintiff,                      MEMORANDUM
                                                            OF DECISION &
         -against-                          ORDER

COMMISSIONER OF SOCIAL SECURITY,        20-CV-5906 (GRB)

                Defendant.
-----------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

        In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

        In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, and the evaluation of vocational evidence.[1] These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 219 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

        Furthermore, the central legal issue is brought into focus by the parties' contention statements, a procedure implemented by the undersigned's Individual Practice Rules, as further

---

[1] Claims filed after March 2017 are no longer governed by the treating physician rule. *Alfonso v. Comm'r of Soc. Sec.*, No. 20-CV-03914 (LDH), 2022 WL 219575, at *5 n.5 (E.D.N.Y. Jan. 20, 2022).

1

discussed in *Madigan v. Comm'r of Soc. Sec.*, 525 F. Supp. 3d 413, 415 (E.D.N.Y. 2021), and incorporated herein by reference.

In this instance, the question before this Court is extraordinarily narrow. Ellis, who for 12 years worked as a professional football player for the New York Jets and the New England Patriots, sustained numerous, well-documented muscular-skeletal injuries, forcing him into retirement. Administrative Transcript ("Tr.") 70-76. Unsurprisingly, the ALJ found Ellis had not engaged in substantial gainful employment from 2012-2018, and had several severe impairments, but does not meet one of the "listed" impairments. Tr. 14. None of that is in dispute. Rather, the sole challenged issue is the ALJ's finding that plaintiff retains the residual functional capacity (RFC) to perform light work. Tr. 14-19.

The RFC question turns upon a narrower issue: how many hours per day the plaintiff can sit. The ALJ found that the plaintiff can sit for six hours if he is provided a two-minute break every 30 minutes. Tr. 14. By contrast, two doctors by whom plaintiff has been treated indicated on a checkbox form that plaintiff can sit no more than two hours per day. Tr. 677, 680. If the opinion by these physicians is correct, and plaintiff can only sit for two hours per day, he lacks the RFC to perform any substantial gainful employment. Tr. 104.

The ALJ rejected this opinion by plaintiff's doctors, finding it "unpersuasive" as it was, in his view, "unsupported by the mostly mild clinical and diagnostic findings, the use of only over-the-counter medications, and the lack of regular and consistent medical treatment." Tr. 18. I must agree. Remarkably, the ALJ's determination is buttressed by several annual examination reports by one of those physicians, who repeatedly made unremarkable findings regarding plaintiff's ailments and appear inconsistent with his ultimate opinion. Tr. 567-71, 576-79, 657-61. Other evidence supporting the rejection of these conclusory opinions regarding plaintiff's RFC include

the opinion of another treating provider. Tr. 574. Furthermore, the ALJ properly weighed inconsistencies in plaintiff's testimony and self-assessment, including unsupported complaints, such as blurry vision and "bone on bone" knees, as well as the treatment of a litany of pain complaints with only Advil. Tr. 227-236.

Thus, in considering the record as a whole, the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)). Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       August 9, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

3